[No. 10,796—Department One.]
December 28, 1882.

EX PARTE GEORGE L. JORDAN.

POLICE COURT NO. 2 OF SAN FRANCISCO—CONSTITUTIONAL LAW—LOCAL OR SPECIAL JURISDICTION.—The Act of March 7, 1881, creating an additional Court in the City and County of San Francisco, known as Police Judge's Court No. 2, is not in contravention of Art. iv., Sec. 25, Subds. 1, 2, 3, and 4, or Subds. 28 and 29 of the Constitution.

APPLICATION for discharge on writ of *habeas corpus*.

*John M. Lucas*, for Petitioner.

The COURT:

Under the Consolidation Act of the City and County of San Francisco, there is a Police Judge's Court, and a Judge thereof. March 7, 1881, the Legislature passed an Act creating an additional Police Judge's Court in the said city and county, to be known as "Police Judge's Court Number Two" (Stats. 1881, p. 74), and declared that it "shall have concurrent jurisdiction of all preliminary examinations of persons charged with felony, and of all misdemeanors and violations of city and county ordinances, and all other offenses of which the Police Judge's Court of said city and county now has jurisdiction." The Act provided for the distribution of the business between the two Courts, and declared that "the mode of examination, trial, and procedure in the Police Judge's Court Number Two shall, in all cases, be governed by the same rules prescribed by law for other Police Courts in similar cases."

It is urged that this Act is in violation of Article iv., Section 25, Subdivisions 1, 2, 3, and 4 of the Constitution of 1879, which forbid the Legislature from passing a local or special law regulating the jurisdiction and duties of Police Judges, for the punishment of crimes and misdemeanors, and regulating the practice of courts of justice. We do not think the Act in question is in violation of those provisions. By Section 1 of Article vi., the judicial power is vested in certain Courts named, "and such inferior Courts as the Legislature may establish," etc. The Legislature had power to create the the Court. To say that the Court, thus created, shall have concurrent jurisdiction with another Court already in existence, and shall be governed by the same rules prescribed by law for other Police Courts in similar cases, is in no sense local or special legislation within the meaning of the inhibitions. It is simply making applicable to the new creation that which already existed as to former tribunals. Nor is the Act in violation of Subdivisions 28 and 29 of Section 25 above named. Those subdivisions must be read in connection with Section 1 of Article vi. The view contended for by petitioner would render the latter section nugatory, for, in that case, the Legislature might create a court, without (if such a

thing be possible) a judge or other officer, or conferring any jurisdiction upon it.

The warrant having been issued by a competent tribunal having jurisdiction of the subject-matter, and being valid on its face. the petitioner is remanded.